**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER BEVIL, et al.,<br><br>Defendants. | Case No.: 2:19-cv-0590-RFB-DJA<br><br>**ORDER** |

**I.     INTRODUCTION**

Before the Court is Plaintiff Securities and Exchange Commission's ("SEC") Motion for Default Judgment against Daniel Thomas Broyles ("Broyles") and Motion for Judgement and Civil Penalties against Richard Bohnsack ("Bohnsack"). ECF Nos. 41, 42. For the following reasons, the Court denies the motion for default judgment and grants the motion to impose civil penalties.

**II.    PROCEDURAL BACKGROUND**

The SEC filed its complaint Plaintiffs for violating the Securities Exchange Act of 1934 and the Securities Act of 1933 on April 8, 2019. ECF No. 1. On April 11, 2019, Bohnsack was served the complaint. ECF No. 4. On May 2, 2019 Bohnsack entered a stipulation consenting to a judgment which was granted on May 21, 2019. ECF Nos. 8, 13. On June 13, 2019, the SEC filed a motion for alternative service of process for Broyles, which this Court granted on July 24, 2019. ECF Nos. 16, 19. On August 29, 2019, the SEC filed a notice of compliance regarding the alternative service for Broyles. ECF No. 29. On October 23, 2019, the SEC filed a motion for entry of default judgment which the Clerk of the Court entered on October 24, 2019. ECF Nos. 36, 37.

On December 6, 2019, the SEC filed a motion for default judgment against Broyles. ECF No. 41. On January 16, 2020, the SEC filed a motion for judgment and civil penalties against Bohnsack and Bohnsack never filed an opposition. ECF No. 42.

### III.   LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

### IV.   DISCUSSION

#### A. Default Judgment Against Broyles

In considering the seven Eitel factors, the Court finds default judgment against Broyles is not warranted. The first and sixth factors favor granting default judgment because the Defendant

failed to defend—or appear at all in this matter—since being served with the summons and the complaint. Broyles' failure to appear for the past year prejudices the SEC by preventing it from determining injunctive relief against Broyles. Further, Broyles' failure to appear for a substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Broyles' failure to appear prevents the Court from determining the SEC's claims on its merits.

The second and third factors also favor a grant of default judgment. The SEC seeks quiet title and injunctive and equitable relief against Broyles. There are sufficient exhibits attached to this instant motion demonstrating the SEC is entitled to the relief requested. Thus, the SEC has demonstrated its claims are meritorious.

Finally, the Court finds the request for a monetary award outweighs the other factors which support granting a default judgment. Plaintiff seeks to hold Broyles liable for disgorgement of his ill-gotten gains (the amount received in commission for the sale of unregistered securities as an unlicensed salesperson minus the amount he dispersed to other salespersons) and prejudgment and civil penalties.

"[A] disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible under [15 U.S.C.] § 78u(d)(5)." Liu v. SEC, 140 S. Ct. 1936 (2020). Although Plaintiff request for disgorgement, $202,831.09, does not exceed Broyles' net profits, $284,344.09, Plaintiff does not identify whether the disgorgement award would be for "the benefit of investors" Id. at 1949. "The SEC's equitable profits-based remedy must do more than simply benefit the public at large by virtue of depriving a wrongdoer of ill-gotten gains." Id. at 1948. Therefore, the Court must deny Plaintiff's request for disgorgement as well as prejudgment interest on the disgorgement of Defendant's ill-gotten gains at this time.

Because of the Plaintiff's failure to identify whether the disgorgement award is for the benefit of investors, this Court finds that this factor outweighs the other Eitel factors at this time. Therefore, this Court denies Plaintiff's motion without prejudice.[1]  Plaintiff shall be given leave

---

[1] Because the Court denies Plaintiff's motion for default judgment based on their failure to identify if the disgorgement amount is to benefit investors, this Court does not reach the issue of whether third-tier civil

3

to refile a renewed motion for judgment which addresses the issue of the basis for the disgorgement award as discussed in this order.

### B. Civil Penalty Against Bohnsack

This Court finds that civil penalties against Bohnsack are warranted. The Securities Act and the Exchange Act permit the Commission to seek civil penalties for each violation of the federal securities laws. 15 U.S.C. § 77t(d); 15 U.S.C. § 78u(d)(3). The court may order third-tier penalties if two statutory requirements are met: (1) "fraud, deceit, manipulation, or reckless disregard for a regulatory requirement" that (2) "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. § 77t(d)(2)(C). Here, Bohnsack practices were fraudulent, deceitful, and manipulative. From February 2014 to December 2016, Bohnsack sold unregistered and fraudulent securities. Bohnsack was not registered with the Commission as a broker or dealer nor was he associated with any entity. In actively soliciting investors, Bohnsack received transaction-based compensation from investors which created losses to those investors. Based on this conduct the Court imposes a civil penalty of $5,000 on the Defendant Bohnsack.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Securities and Exchange Commission's Motion for Motion for Default Judgment (ECF No. 41) is DENIED without prejudice. The Plaintiff has 30 days to refile its motion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Civil Penalties against Richard Bohnsack (ECF No. 42) is GRANTED. The Court imposes a civil penalty of $5,000 on the Defendant Bohnsack.

DATED: <u>November 30, 2020</u>.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

penalties are appropriate.