Casey R. Fronk (Admitted *pro hac vice*)
Laurie E. Abbott (Admitted *pro hac vice*)
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, UT 84101-1950
Tel.: (801) 524-5796
FronkC@sec.gov
abbottla@sec.gov
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER BEVIL, an individual; RICHARD MCCALL BOHNSACK, an individual; DANIEL THOMAS BROYLES, an individual; CHARLES CARY DAVIS, an individual; WILLIAM JAMES ROTH, an individual; GLENN JOSEPH STORY, an individual; and HAROLD WASSERMAN, an individual,<br><br>Defendants. | Case No.: 2:19-cv-590-RFB-DJA<br><br>[PROPOSED] **FINAL JUDGMENT AS TO DEFENDANT DANIEL THOMAS BROYLES**<br><br>Judge Richard F. Boulware<br>Magistrate Judge Daniel J. Albregts |

This matter comes before the Court on Plaintiff United States Securities and Exchange Commission's ("Commission's") Renewed Motion for Default Judgment against Defendant Daniel Thomas Broyles ("Defendant"). The Court, having considered all the evidence and argument presented with regard to the Motion, Plaintiff's Memorandum of points and authorities in support of the Motion, all other documents filed in support of the Motion, and the record in this action, finds that:

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Commission's Renewed Motion for Default Judgment against Defendant Daniel Thomas Broyles is GRANTED.

**II.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of the mails or any means or instrumentality of interstate commerce to effect transactions in or induce or attempt to induce the purchase or sale of securities while he, or anyone hired by him to effect transactions in or induce or attempt to induce the purchase or sale of securities, is not registered with the Commission as a broker or dealer or while he, or anyone hired by him to effect transactions in or induce or attempt to induce the purchase or sale of securities, is not associated with an entity registered with the Commission as a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933

("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale, or;

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

3

transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, soliciting any person or entity to purchase or sell any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or

attempting to induce the purchase or sale of any penny stock. A penny stock being any equity security that has a price of less than five dollars, except as provided in Exchange Act Rule 3a51-1 [17 C.F.R. § 240.3a51-1].

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

(a) Defendant is liable for disgorgement of $202,831.09, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $54,054.27.

(b) Defendant is liable for a civil penalty in the amount of $202,831.09, representing the gross amount of Defendant's pecuniary gain, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant shall satisfy these obligations by paying the amount of disgorgement, pre-judgment interest, and civil penalty, totaling $459,716.45, to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

5

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Daniel Thomas Broyles as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 14 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 14 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain

jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of the Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**IX.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**X.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**XI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: September 29, 2022 .

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE